**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LIANG LI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1480-J |
| | ) | |
| PAMELA BONDI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner, appearing through counsel, filed a verified petition for habeas corpus under 28 U.S.C. § 2241 [Doc. No. 1]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 9]. Petitioner filed a reply [Doc. No. 10]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who entered a Report and Recommendation [Doc. No. 11] recommending that (1) the Petition for Writ of Habeas Corpus be granted to the extent it requests habeas relief under 28 U.S.C. § 2241, (2) Respondents release Petitioner from custody immediately, subject to an appropriate Order of Supervision, and (3) Respondents certify compliance by filing a status report affirming that Petitioner has been released from custody within five business days of the Court's order. The parties were advised of their right to object to the Report and Recommendation by February 13, 2026. Respondents filed an objection [Doc. No. 12], which triggers de novo review.

For the reasons below, the Court ADOPTS the Report and Recommendation in relevant part and GRANTS the Petition.[1]

---

[1] Respondents object to Judge Maxfield's discussion of 8 C.F.R. § 241.13(i)(2) because the Petition does not specifically allege a violation of subpart (i)(2). However, Judge Maxfield also found an independent violation of subpart (i)(3), which is the portion of the Report and Recommendation that this Court adopts.

I. **Background**

The parties do not dispute the basic timeline of events. Petitioner, a native and citizen of the People's Republic of China, entered the United States in 1994 and filed an application for political asylum [Doc. Nos. 1, 9]. In February 2011, Petitioner was taken into custody by Immigration and Customs Enforcement (ICE) but was released in July 2011 on an Order of Supervision [Doc. Nos. 9–10]. Petitioner alleges that when he was detained during this period, "China did not cooperate" and he was released with the United States government "implicitly conceding that removal was not reasonably foreseeable" [Doc. No. 10].

In September 2025, Petitioner was re-detained without warning while he was attending a routine check-in meeting at an ICE facility [Doc. Nos. 1, 9–10]. When Petitioner was re-detained, he was not notified of the reasons for his revocation and ICE did not promptly conduct an informal interview to afford Petitioner the opportunity to respond to the reasons for revocation of his release [Doc. No. 1]. Petitioner alleges, and Respondents do not dispute, that Petitioner complied with all conditions of release while on supervision [Doc. No. 10]. Moreover, it is undisputed that Petitioner has no criminal history throughout his 31-year residence in the United States *see* [Doc. Nos. 1, 9–10]. Petitioner further alleges that Respondents failed to appropriately determine that there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future [Doc. No. 1]. In particular, Petitioner alleges ICE has not provided evidence that: (a) China has agreed to accept Petitioner's return; (b) any travel documents have been obtained or are forthcoming; (c) any circumstances have changed making removal reasonably foreseeable; or (d) that Petitioner poses a flight risk or danger to the community. *Id.*

## II. Legal Standards

It is well established that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025). It is equally well established that the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Consistent with these dictates, the Code of Federal Regulations sets forth mandatory, minimum procedural requirements ICE must follow before revoking an individual's release on an order of supervision. Relevant here, the individual must "be notified of the reasons for revocation of his or her release," and ICE must "conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3) (2005). During that interview, the individual "may submit any evidence or information that he or she believes shows there is no significant likelihood he or she [will] be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." *Id.* A majority of district courts have granted habeas relief, finding that a violation of one or more federal regulations amounts to a due process violation. *See, e.g., Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *1 (W.D. Okla. Nov. 20, 2025) (collecting cases); *Ye v. Bondi*, No. CIV-25-1230-D, 2025 WL 3485420, at *3 (W.D. Okla. Dec. 4, 2025) (same).

## III. Analysis

In the Report and Recommendation, Judge Maxfield correctly concludes that Respondents violated 8 C.F.R. § 241.13(i)(3) by failing to notify Petitioner of the reasons for revocation of his release, promptly conduct an informal interview after Petitioner's return to custody, and afford

3

Petitioner the opportunity to respond and challenge the Government's conclusion that there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. This is not a close case. Respondents have failed to demonstrate to the Court compliance with the procedures in 241.13(i)(3)—let alone an *attempt* to comply. *See, e.g.*, *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025) (granting habeas relief where ICE attempted to provided notice, but it was deemed inadequate because it merely parroted the regulatory text). Indeed, Respondents do not object to Judge Maxfield's conclusion that Petitioner was denied the process required by 241.13(i)(3).

Lacking any evidence to the contrary, Respondents focus efforts elsewhere. First, Respondents attempt to recast Petitioner's claim as a substantive due process argument that should be analyzed under a heightened standard requiring Petitioner to show a "'high level of outrageousness'" [Doc. No. 12 at 2–3 (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995)]. According to Respondents, Petitioner's allegation that ICE's "abandonment" of its regulatory procedures "shocks the conscience and violates fundamental fairness" is the hallmark of a substantive due process claim rather than a procedural due process claim. *Id.* Respondents' argument is unpersuasive, however, because Respondents themselves acknowledge that "Petitioner's Count One alleges violation of procedural due process" and that "Petitioner claims that ICE 'failed to follow required procedures under its own regulations.'" *Id.* (quoting Doc. No. 1 at 8).

Finally, Respondents cite a recent decision from a judge of this Court to argue that a violation of 8 C.F.R. § 241.13(i) does not warrant habeas relief because it is not "'constitutional in scale'" [Doc. No. 12 (quoting *Bahadorani v. Bondi*, No. CIV-25-1091-PRW, 2025 WL 3048932, at *4 (W.D. Okla. Oct. 31, 2025)]. Consequently, Respondents assert the proper remedy

4

in this instance is to compel the agency to follow its procedures. *Id.* Yet Respondents' reliance on *Bahadorani* is misplaced because it overlooks the fundamentally different circumstances presented here. In *Bahadorani*, Judge Wyrick noted that while the individual may not have received the initial notice, he was interviewed on the same day as his detention, informed of "the reasons for his detention," and was subsequently afforded a second post-detention interview where he was permitted to "submit information concerning his custody." 2025 WL 3048932, at *3. Here, by contrast, Respondents have not provided any evidence to suggest an informal interview was ever conducted—whether promptly as required by the Code or throughout the almost six months that Petitioner has remained in custody—thereby denying Petitioner the very procedural safeguards that § 241.13(i)(3) is designed to secure. That complete breakdown in process is not comparable to the technical deficiency addressed in *Bahadorani* and squarely raises the constitutional concerns that justify habeas relief in this case.[2]

To be certain, Respondents correctly explain that habeas corpus relief is available only if Petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But Respondents are mistaken in concluding that this Court may not grant habeas relief solely because the text of § 2241(c)(3) fails to contain an explicit proviso authorizing the writ for violations of a federal regulation. The procedures required by 241.13(i) are more than a mere formality; they codify *Zadyvas* principles into the immigration regulations governing detention review process. *See* Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed. Reg. 56967-01, 56968, 2001 WL 1408247 (F.R.) (Nov. 14, 2001)

---

[2] Even Judge Wyrick in *Bahadorani* acknowledges there are circumstances where a violation of 241.13(i)(2) and (i)(3) can warrant habeas relief where the violation rises to the level of a "serious substantive defect . . . beyond a mere failure to follow the regulation to a T." 2025 WL 3048932, at *3.

5

(to be codified at 8 C.F.R. Parts 3 and 241) ("This rule institutes procedures by which the Executive Branch will make the necessary judgments regarding the likelihood of removal, in a regular and consistent manner, based on a review of its experience with the country in question, the evidence submitted by the particular alien, and other relevant evidence. . . . In light of the Supreme Court's decision in *Zadvydas*, this rule revises the Department's regulations by adding a new 8 CFR 241.13 . . . . Specifically, the rule provides a process for the Service to make a determination as to whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future.").

By mandating minimum procedures, the regulation ensures the individual is afforded the basic due process protections guaranteed by the Fifth Amendment. A wholesale failure to provide the required notice and the mandated interview—thereby depriving the individual of any meaningful opportunity to contest the revocation of release—implicates those constitutional protections directly. "'Ice, like any agency, has the duty to follow its own federal regulations . . . . As here, 'where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute . . . and [ICE] fails to adhere to it, the challenged [action] is invalid.'" *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (citation omitted).

### IV.  Conclusion

Based on ICE's violation of its own regulations, this Court concludes that Petitioner's detention is unlawful and that his release is appropriate under 28 U.S.C. § 2241(c)(3).[3] Accordingly, the Court ADOPTS the Report and Recommendation in relevant part [Doc. No. 11], GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus to the extent it requests habeas

---

[3] Because this Court concludes that Petitioner's due process rights were violated as a result of Respondents' failure to comply with 8 C.F.R. § 241.13(i)(3), this Court does not address Petitioner's remaining claims.

relief under 28 U.S.C. § 2241 [Doc. No. 1], ORDERS Petitioner be released from custody immediately, subject to an appropriate Order of Supervision,[4] and ORDERS Respondents to certify compliance by filing a status report affirming that Petitioner has been released from custody within five business days of the Court's order.

A separate judgment will enter.

IT IS SO ORDERED this 19th day of February, 2026.

*[signature]*
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[4] 8 C.F.R. § 241.5 governs the issuance and conditions of orders of supervision.

7